FLETCHER WILLIAMS, Appellant, *v.* EDWARD A. THOMPSON, INC., Respondent.

Supreme Court, Appellate Term, First Department, April 14, 1925.

**Contracts — construction — action to recover commissions on contract for procuring customers for defendant — plaintiff entitled to commissions on business of customer procured by him as long as customer continues to do business with defendant — plaintiff's discharge does not prevent his recovery of commissions.**

In an action to recover commissions upon a contract for procuring customers for the defendant, which provides that the plaintiff shall receive commissions as long as the defendant accepts business from any of the customers, plaintiff's recovery should not be limited to the time of his discharge by the defendant, but should be predicated upon the customer's business so long as the defendant continues to do business with that customer.

APPEAL by plaintiff from a judgment of the Municipal Court of the City of New York, Borough of Manhattan, Fourth District, in favor of plaintiff after trial by the court without a jury.

*Philip J. Ross* [*William J. Dodge* of counsel], for the appellant.

*Thomas J. Skelly,* for the respondent.

PER CURIAM:

Plaintiff sued to recover commissions upon business obtained by him for defendant under the terms of a letter, admitted by the answer to be "the contract," as follows: "We hereby agree to pay you a commission of five per cent on the amount charged by us for services rendered any customers brought to us by you, said five per cent to be your property and to continue to pay this five per cent as long as we accept business from any of these customers." Plaintiff claimed to have procured as a customer Stagg & Hungerford prior to his discharge. The trial court allowed commissions on this account up to the time of the discharge. While the court thus found that plaintiff had brought Stagg & Hungerford as a customer, it refused to allow commissions which accrued subsequent to the date of the discharge.

The letter explicitly states that when plaintiff brings in a customer the defendant is "to continue to pay this five per cent as long as we accept business from any of these customers." There is no suggestion that this obligation is conditioned upon continuance of plaintiff's employment to solicit business for defendant. When he procured a customer he was to get commission on that customer's business so long as the defendant continued to do business with that customer.

The judgment must, therefore, be reversed and a new trial ordered, with thirty dollars costs to the appellant to abide the event.

All concur; present, BIJUR, MITCHELL and PROSKAUER, JJ.